**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Alexandria Barkclay, | ) | No. CV 07-981-PHX-MHM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Wal-Mart, Stores, Inc., et al., | ) ) | |
| Defendant. | ) ) ) | |

Presently pending before the Court is Defendants H. Less Scott, Jr., and Wal-Mart Stores, Inc.'s Motion to Dismiss (Doc. 6), Plaintiff, Alexandria Barkclay's Motion to Strike (Doc. 11), Defendant McDonald's Corporation's Motion to Dismiss (Doc. 18), Plaintiff's Motion for Sanctions against Attorney Biddle (Doc. 22), Plaintiff's second Motion to Strike (Doc. 22), Plaintiff's Motion to Reopen Case (Doc. 23), Plaintiff's Motion to Consolidate Cases (Doc. 23), Plaintiff's second Motion for Sanctions against Attorney Biddle and Plaintiff's third Motion to Strike (Doc. 24), Plaintiff's fourth Motion to Strike (Doc. 26), Plaintiff's Motion for Summary Judgment (Doc. 26), Plaintiff's Motion for Recusal (Doc. 33), Plaintiff's fifth Motion to Strike (Doc. 34), and Plaintiff's Motion for Sanctions against Attorney Colman (Doc. 39). The Court considers the papers submitted and issues the following Order.

## PROCEDURAL BACKGROUND

On April 2, 2007, Plaintiff filed a Complaint in the Superior Court of Maricopa County, Arizona, against her former employer, McDonald's Corporation, and Wal-Mart Corporation. Plaintiff's Complaint sought relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-3 and 2000e-5, 42 U.S.C. § 1983, and 42 U.S.C. § 1988. Plaintiff also asserted claims for international interference with contractual relations and intentional infliction of emotional distress. She alleges these claims arose out of her employment with Defendant McDonald's.

On April 11, 2007, Plaintiff filed an "Amended Civil Rights-Common Law Tort Complaint" ("Amended Complaint") dropping Wal-Mart Corporation as a defendant, but adding three new Defendants: Wal-Mart Stores, Inc. ("Wal-Mart"), Wal-Mart's President, H. Lee Scott, Jr., and McDonald's President, Ralph Alvarez. Plaintiff did not add any additional claims to her Amended Complaint. On May 14, 2007, Defendants timely removed the case to this Court. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b).

## FACTUAL BACKGROUND

In her 42-page Amended Complaint, Plaintiff alleges that from May 9, 2006 to October 14, 2006, she was employed by McDonald's restaurant located within a Wal-Mart Store in Phoenix, Arizona. Plaintiff alleges that in October 2006, while Plaintiff was eating at the McDonald's, a customer asked Plaintiff to escort her to her car. Plaintiff claims that when she and the customer attempted to leave the Store, the Store alarm sounded. Plaintiff claims that the customer was attempting to shoplift sunglasses and "set up" Plaintiff. Plaintiff asserts that, upon returning to the Store, she reported the potential shoplifter to Wal-Mart.

Plaintiff contends that she was subsequently removed from Defendant McDonald's work schedule at Wal-Mart's direction. Plaintiff alleges that Wal-Mart informed her supervisor that it had received complaints about her, and McDonald's then terminated her employment and told her she was no longer allowed in the Store. Plaintiff also contends that

Wal-Mart was retaliating against her because it believed she was shoplifting and because Wal-Mart human resources was not properly screening for potential shoplifters. Initially, the Court will consider Defendants' Motions to Dismiss.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed.R.Civ.P. 8(e). These rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## DISCUSSION

Defendants H. Lee Scott, Jr., and Wal-Mart have filed a Motion to Dismiss. Defendants McDonald's and Ralph Alvarez also have filed a similar Motion to Dismiss. The Court will consider both pending Motions to Dismiss and the issue therein.

I.     DEFENDANTS H. LEE SCOTT, JR. AND RALPH ALVAREZ

Defendant Scott asserts that Plaintiff fails to make a single allegation that could subject him, as Wal-Mart's president and Chief Executive Officer, to liability for any of Plaintiff's claims. Similarly, Defendant Alvarez asserts that his participation in the instant lawsuit is subject to dismissal for the same reason.

Federal Rule of Civil Procedure 8(a) states that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although *pro se* pleadings may be held to less stringent standards than those prepared by lawyers, those pleadings still must "meet some minimum threshold in providing a defendant with notice of

- 3 -

1  what it is that [he] allegedly did wrong." Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th
2  Cir. 1995). Here, the only mention in Plaintiff's 42-page complaint of Mr. Scott or Mr.
3  Alvarez is in the description of the parties section. Specifically, Plaintiff states that
4  Defendant, "Wal-Mart and its President H. Lee Scott, Jr., have been continuously doing
5  business in Maricopa County, Arizona. At all relevant times, Defendants have continuously
6  been a business or acting agent of such business engaged in an industry affecting commerce
7  of Title VII, 42 U.S.C. § 2000(e), (g), and (h)." Compl. at pp. 2-3. As to Defendant Alvarez,
8  Plaintiff similarly states that "Defendant, McDonald's and its President Ralph Alarez [sic]
9  have been continuously doing business in Maricopa County, Arizona . . ." Id. However,
10 aside from alleging a jurisdictional prerequisite, the Complaint fails to set forth any
11 allegations of wrongdoing by either Mr. Scott or Mr. Alvarez. Therefore, Plaintiff has
12 alleged insufficient facts upon which to state a claim pursuant to Title VII against Mr. Scott
13 or Mr. Alvarez.

14       Further, to the extent that Plaintiff is seeking to assert claims against Mr. Scott or Mr.
15 Alvarez under Title VII or the Arizona Civil Rights Act ("ACRA"), such claims are subject
16 to dismissal for the additional reason that such statutes do not provide for individual liability.
17 Both Title VII and the ACRA prohibit employers from discriminating or retaliating against
18 employees based on protected characteristics or conduct. For the purpose of Title VII, the
19 term "employer" is defined as "a person engaged in an industry affecting commerce who has
20 fifteen or more employees for each working day in each of twenty or more calendar weeks
21 in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. §
22 2000e. Under the ACRA, "employer" is identically defined, except for the omission of the
23 words "engaged in an industry affecting commerce." A.R.S. § 41-1461(4) (defining
24 employer as "a person who has fifteen or more employees for each working day in each of
25 twenty or more calendar weeks in the current or preceding calendar year, and any agent of
26 that person").

27       In interpreting the statute, the Ninth Circuit has held that Title VII only applies to
28 employers, not employees. Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587 (9th Cir. 1993).

- 4 -

1  "The statutory scheme itself indicates that Congress did not intend to impose individual
2  liability on employees." Id.  "Title VII limits liability to employers with fifteen or more
3  employees . . . because Congress did not want to burden small entities with the costs
4  associated with litigating discrimination claims. If Congress decided to protect small entities
5  with limited resources from liability, it is inconceivable that Congress intended to allow civil
6  liability to run against individual employees." Id. Thus, as a matter of law, Plaintiff is barred
7  from asserting a Title VII claim against Mr. Scott or Mr. Alvarez.

As to Plaintiff's state-law ACRA claim, courts have consistently held that Title VII is persuasive authority in interpreting the ACRA. See e.g., Smith v. ITT Corp., 918 F. Supp. 304, 308 n.1 (D. Ariz. 1995) ("Title VII case-law is instructive in this case and guides the Court's application of the Arizona Civil Rights Act."); Timmons v. City of Tucson, 830 P.2d 871, 875 (Ariz. Ct. App. 1991) ("The state statutes are modeled after the federal employment discrimination laws, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. As a result, Title VII case law is persuasive in interpreting the Arizona statute."). In light of the case law interpreting the ACRA and the substantial similarities between the definitions of "employer" under Title VII and the ACRA, Plaintiff's state law discrimination claims against Mr. Scott and Mr. Alvarez are flawed. For these additional reasons, Plaintiff fails to state a claim against Mr. Scott or Mr. Alvarez upon which relief can be granted. Accordingly, Defendants' Motion to Dismiss Mr. Scott and Mr. Alvarez as Defendants is granted.

II.    TITLE VII AND ACRA CLAIMS

   A.    WAL-MART

Implicit in 42 U.S.C. § 2000e-2 is that there must be an employment relationship between the plaintiff and defendant for Title VII protections to apply. See Adcock v. Chrysler Corp., 166 F.3d 1290, 1292 (9th Cir. 1999). As stated above, Arizona courts have long recognized that cases construing the federal anti-discrimination laws are persuasive authority in construing the ACRA. Smith, 918 F. Supp. at 308 n.1; Timmons, 830 P.2d at 875.

Plaintiff concedes she was employed by McDonald's and never was employed by Wal-Mart. Compl. at p. 4. Thus, to the extent Plaintiff is alleging discrimination pursuant to Title VII or the ACRA, her claim fails as a matter of law as to Wal-Mart. Accordingly, Defendants' Motion to Dismiss any Title VII or ACRA claim against Wal-Mart is granted.

B.      McDONALD'S

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, sex, national origin, or religion." 42 U.S.C. § 2000e-2. Similarly, the ACRA prohibits discrimination in employment "because of the individual's race, color, religion, sex, age, disability or national origin." A.R.S. § 41-1464(B)(1).

To have a valid Title VII or ACRA cause of action, Plaintiff must assert factual allegations in her Complaint that she was discriminated against because of her race, color, religion, sex, age, disability or national origin. In her Complaint, Plaintiff merely states that she "was subjected to unlawful gender discrimination." Compl. at ¶ 2. Plaintiff does not include facts as to what person or entity subjected her to discrimination.

It seems clear that, while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, Conley v. Gobson, 355 U.S. 41, 47 (1957); Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Indeed, even a *pro se* complaint, which may be construed liberally, must contain the essential elements of a civil rights claim. Brazil, 66 F.3d at 199; Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992); Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) ("[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."). "Vague and conclusory

1  allegations" of civil rights violations cannot withstand a motion to dismiss. Ivey, 673 F.2d
2  at 268.
3       Plaintiff has not asserted the necessary factual allegations to provide Defendants with
4  fair notice of the basis for her gender discrimination claim. Nor has Plaintiff asserted facts
5  to support a claim that she was discriminated against based on any of the other Title VII or
6  ACRA protected classes (*i.e.*, race, color, religion, age, disability or national origin).
7       In her Complaint Plaintiff includes the following sworn statements:

> McDonald's wrongfully terminated Plaintiff for Plaintiff refusing to violate public policy – allowing a potential shoplifter to commit **a crime of theft (shoplifting)** and suffer social obloquy from the false light of "association" and "co-conspirator."
>
> * * *
>
> Wal-Mart and McDonald's personnel misconduct was intentional, purposeful, malicious, outrageous, extreme, reckless disregard, exceeded all possible bounds of decency, and was atrocious and utterly intolerable in this civilized community to deliberately harm Plaintiff for **reporting and assisting Wal-Mart** in an opportunity to investigate a potential female shoplifter . . . .
>
> * * *
>
> I was terminated, wrongfully, after I reported a potential shoplifter.
>
> * * *
>
> Plaintiff was object of and suffered adverse employment action by Defendant McDonald's management[] for "refusing to violate public policies," (1) by reporting a potential shoplifter . . . .
>
> * * *
>
> It is against "public policy" for Defendant McDonald's personnel evil hand was guided by an evil mind to retaliate against Plaintiff, intentionally, purposefully, maliciously, outrageously, extremely with reckless disregard, and exceeded all possible bounds of decency that is atrocious and utterly intolerable in this civilized community to deliberately harm Plaintiff and wrongfully terminate Plaintiff's employment for reporting a potential shoplifter.

1  Compl. ¶¶ 25, 28, 48, 57 & 61 (emphasis in original).

2  As the above examples demonstrate, Plaintiff makes statements throughout her
3  Complaint that her contention is that she was discriminated against for allowing a shoplifter
4  to commit a crime and/or for reporting a suspected shoplifter. Such allegations are
5  insufficient to support a Title VII or ACRA cause of action. Thus, not only has Plaintiff
6  failed to allege sufficient facts as support a gender discrimination cause of action, Plaintiff
7  has demonstrated that the "discrimination" she alleges to have suffered was for allowing a
8  shoplifter to commit a crime or for reporting a suspected shoplifter.

9  Finally, Plaintiff has asserted vague accusations that McDonald's took her off the
10 work schedule out of retaliation. To the extent that Plaintiff has alleged a cause of action for
11 retaliation, Plaintiff has not alleged sufficient facts to demonstrate that she engaged in
12 statutorily protected activity under Title VII or the ACRA to support such a claim.
13 Accordingly, Plaintiff's claims of discrimination and retaliation against McDonald's under
14 Title VII and ACRA are dismissed.

15 III.   CLAIMS PURSUANT TO THE EQUAL PROTECTION CLAUSE, SECTION 1983
       OF TITLE 42 OF THE UNITED STATES CODE, AND FOR ATTORNEY'S FEES
16     PURSUANT TO 1988 OF TITLE 42 OF THE UNITED STATES CODE

17 It appears that Plaintiff has alleged causes of action under the Equal Protection Clause
18 of the Fourteenth Amendment to the United States Constitution and Section 1983 of the
19 Arizona Civil Rights Act.

20 The Fourteenth Amendment of the Constitution provides in part:

> No State shall make or enforce any law which shall abridge the privileges or
> immunities of citizens of the United States, nor shall any State deprive any
> person of life, liberty, or property, without due process of law; nor deny to any
> person within its jurisdiction the equal protection of the laws.

This Amendment is directed at the States and it can be violated only by conduct characterized
as "state action." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982). Similarly,
Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the
Constitution and laws of the United States when that deprivation takes place "under color of

- 8 -

any statute, ordinance, regulation, custom, or usage, of any State or Territory. . . ." Id. (quoting Title 42 U.S.C. § 1983).

To maintain a Section 1983 civil rights action, a plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Private conduct, however discriminatory or wrongful, is not proscribed by § 1983. See Aasum v. Good Samaritan Hospital, 542 F.2d 792, 794 (9th Cir. 1976); see also Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000) ("Because § 1983 and the Fourteenth Amendment are directed at the states, the statute supports a claim only when the alleged injury is caused by 'state action' and not by a merely private actor, against whom tort remedies may be sought in state court.").

For private conduct to constitute state action, there must be "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Lee v. Katz, 276 F.3d 550, 554 (9th Cir. 2002) (internal quotes omitted). In the absence of this nexus, private conduct cannot constitute state action, and thus cannot violate an individual's constitutional rights, no matter how discriminatory that conduct may be. See Aasum v. Good Samaritan Hospital, 542 F.2d 792, 794 (9th Cir. 1976) (finding that private conduct constitutes state action only when "the asserted discriminatory conduct is of constitutional dimension and results from action under color of state law and the State has 'significantly' involved itself with invidious discrimination that the prohibition results. (citing Reitman v. Mulkey, 387 U.S. 369 (1967)).

In this case, Wal-Mart and McDonald's are private entities, and Plaintiff has not alleged any facts indicating that Defendants' actions should be considered those of the state for purposes of the Equal Protection Clause or Section 1983 liability. To the extent that Plaintiff is alleging discrimination under the Equal Protection Clause or Section 1983, her claims are subject to dismissal for failure to satisfy the "state actor" and "color of" state law requirement respectively. Furthermore, the Court concludes that Plaintiff can not amend her Complaint to adequately allege claims under either the Equal Protection Clause or Section

1983 against these private defendants. Accordingly, the Court dismisses Plaintiff's claims with prejudice.

## IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To state a claim for intentional infliction of emotional distress under Arizona law, a plaintiff must allege the following three things: (1) conduct by the defendant that is "extreme" and "outrageous"; (2) intent by the defendant to cause emotional distress or reckless disregard of the near certainty that such distress will result from the defendant's conduct; and (3) the plaintiff, in fact, suffered severe emotional distress as a result of the defendant's conduct. Nelson v. Phoenix Resort Corp., 181 Ariz. 188, 199, 888 P.2d 1375, 1386 (Ariz. Ct. App. 1994). For a Plaintiff to maintain such a claim, the trial court must make an initial determination that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Cluff v. Farmers Ins. Exchange, 460 P.2d 666, 668 (Ariz. Ct. App. 1969) (citation omitted) overruled on other grounds by Godbehere v. Phoenix Newspapers, Inc., 783 P.2d 781, 786-87 (Ariz. 1989).

In the instant case, Plaintiff alleges the following: (1) McDonald's removed Plaintiff from their work schedule; (2) a Wal-Mart Associate told Plaintiff's supervisor that Wal-Mart had received complaints about her and believed she had shoplifted; (3) her manager allegedly indicated that in three days she would have more information about the complaint, but never further contacted Plaintiff; and (4) McDonald's did not attempt to relocate her to a different store. Plaintiff's claim of intentional infliction of emotional distress is based solely on employment-related action.

"[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." Mintz v. Bell Atl. Sys. Leasing Int'l, Inc., 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (citation omitted). In Mintz, the plaintiff alleged that her employer had intentionally inflicted emotional distress upon her by failing to promote her because of her gender, forcing her to return to work prematurely from a leave of absence, and hand-

- 10 -

1  delivered a letter to her in the hospital stating that her job duties were being reassigned. The
2  trial court granted the employer's motion to dismiss this claim, and the Appeals Court
3  affirmed, finding that even the most distasteful of the alleged acts – delivery of the letter to
4  the plaintiff at the hospital – demonstrated at worst "callousness and insensitivity," and that
5  none of the alleged conduct was "sufficiently extreme and outrageous to state a claim against
6  her employer for intentional infliction of emotional distress." Id. at 564. See also Nelson,
7  888 P.2d at 1386-87 (finding that employer's conduct in discharging plaintiff in the middle
8  of the night in front of co-workers and media, prohibiting plaintiff from clearing personal
9  effects out of his office, having plaintiff escorted off the premises by armed security guards,
10 and allowing plaintiff to use the bathroom on the way out only if accompanied into the stall
11 by the security guards, did not rise to the level of extreme and outrageous conduct necessary
12 to support a claim of intentional infliction of emotional distress).

13       Plaintiff's allegations do not approach the level of extreme and outrageous alleged in
14 Mintz or Nelson and the conduct in those cases fell short of that required to establish a claim
15 for intentional infliction of emotional distress in the workplace. Therefore, even accepting
16 Plaintiff's allegations as true and construing them in her favor, for the purposes of this
17 Motion, Plaintiff's allegations do not rise to the level of outrageousness necessary to provide
18 a basis for recovery for the tort of intentional infliction of emotional distress. Accordingly,
19 Plaintiff's claim for intentional infliction of emotional distress is dismissed.

20 VI.  BREACH OF CONTRACT

21       Plaintiff has claimed that McDonald's breached her employment contract by taking
22 her off of the work schedule. However, Plaintiff was an at-will employee. Under Arizona
23 law, employment relationships are at-will unless expressly modified by the parties in
24 accordance with the requirements of the Employment Protection Act (the "EPA"). The EPA
25 provides as follows:

26       The employment relationship is severable at the pleasure of either the
      employee or the employer unless both the employee and the employer have
27       signed a written contract to the contrary setting forth that the employment
28       relationship shall remain in effect for a specified duration of time or otherwise

expressly restricting the right of either party to terminate the employment relationship.

A.R.S. § 23-1501(2). The term "expressly" as used in the EPA, has been construed to mean "in direct or unmistakable terms[;] . . . directly and distinctly stated; expressly, not merely implied or left to inference." Johnson v. Hispanic Broadcasters of Tucson, Inc., 196 Ariz. 597, 601 2 P.3d 687, 691 (Ariz. Ct. App. 2000) (alteration in original) (internal quotations omitted).

In her Complaint, Plaintiff alleges that she "entered into an employment contract with Defendant McDonald's, whereby, Plaintiff agreed to be 'loyal' and perform all servitude duties in compliance with 'Master And Survant' public policy in consideration with a salary that commenced as a crew member and was subject to revision based upon training and promotions." Compl. ¶ 68. However, Plaintiff's Complaint has failed to allege that she entered into a contract that expressly restricted either party from terminating the employment relationship. Thus, Plaintiff has failed to satisfy the EPA's prerequisites for modifying an at-will employment relationship. See Johnson, 2 P.3d at 691 (affirming summary judgment for employer on breach of contract claim where alleged contract did not satisfy requirements of EPA). Accordingly, Plaintiff's breach of contract claim is dismissed.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** granting Defendants' Motions to Dismiss (Docs. 6 & 18). This case is dismissed in its entirety.

**IT IS FURTHER ORDERED** denying as moot all other outstanding motions (Docs. 11, 22, 23, 24, 26, 33, 34 & 39).

**IT IS FURTHER ORDERED** directing the Clerk of Courts to enter judgment accordingly.

DATED this 13th day of December, 2007.

_____
Mary H. Murguia
United States District Judge